IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE P. GARCIA**,

      Plaintiff,

vs.                                                                                                                                       No. 10cv929 RHS

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 15). The Court considered the Motion, Response (Doc. 18), Reply (Doc. 19), and the supporting documentation, and concludes that Plaintiff's Motion should be granted and that the case should be remanded to the Social Security Administration.

## CASE HISTORY

Claimant asserts that he became disabled on July 31, 2006 (Administrative Record (AR) 105) due to seizure disorder, reactive airway disease, COPD (undefined), hypertension, lyperlipedemia, sleep disorder and bipolar disorder. (AR 126). He filed his claim for social security disability benefits on August 17, 2007 (AR 100), which was denied. After the denial, Mr. Garcia attended a hearing with an Administrative Law Judge (ALJ). At the hearing on September 1, 2009 with the ALJ, Mr. Garcia was represented by counsel. (AR 24). The ALJ afforded counsel the opportunity to question Mr. Garcia and the expert witness who testified. (AR 31, 36). On November 24, 2009, the ALJ issued a written decision that Mr. Garcia was not disabled. (AR 13). Mr. Garcia appealed to the Social Security Administration's Appeals

Council, which declined review on July 28, 2010. (AR 1).

## ISSUES FOR REVIEW

This Court reviews the ALJ's decision-making process. The ALJ is required to review Mr. Garcia's case in a sequential five-step process to determine if he is disabled. 20 C.F.R. § 404.1520. At the first step of the analysis, the ALJ determined that Mr. Garcia is not engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). (AR 8). This finding was in claimant's favor and therefore is not disputed nor discussed here.

In the second step, the ALJ considered whether Mr. Garcia has a severe medical impairment (20 C.F.R. § 404.1521(b) and 20 C.F.R. § 416.920(b)) and found that Mr. Garcia does have a severe impairment because he alleged a seizure disorder. (AR 8). While Mr. Garcia does not disagree with the ALJ's finding regarding seizure disorder as a severe impairment, he argues that the ALJ erred by failing to consider whether Mr. Garcia's morbid obesity is also a severe impairment. (Doc. 16 at 8).

For step three, the ALJ concluded that Mr. Garcia does not have an impairment that meets or medically equals one of the listed impairments. (AR 8). The claimant asserts that the ALJ erred by not addressing whether morbid obesity satisfies the listings. (Doc. 16 at 8).

Prior to step four, the ALJ reviewed Mr. Garcia's residual functional capacity and determined that Mr. Garcia's "functional capacity has been reduced by the following: the need to observe normal seizure precautions including no working at unprotected heights or in or around dangerous moving machinery; the need for non-complex job duties; and the need for little interaction with others while in the performance of job duties." (AR 10). Mr. Garcia contends that the ALJ erred at this step by not addressing and developing the record regarding his bipolar mental disorder. (Doc. 16 at 3).

At the fourth step, the ALJ considered whether, in light of Mr. Garcia's residual functional capacity, Mr. Garcia can still perform his past relevant work.  The ALJ determined that the claimant could not perform any past relevant work (AR 10), which was a determination in his favor and therefore it is not disputed nor discussed here.

At step five, the ALJ determined whether Mr. Garcia could perform jobs in the national economy, given his age, education, work experience, and residual functional capacity assessment.  In part based on the Vocational Expert's testimony, the ALJ concluded that there are three job that Mr. Garcia could perform and therefore he was not disabled.  (AR 11).  Mr. Garcia disputes this and argues that substantial evidence does not support the ALJ's decision at step five because the ALJ's questions to the Vocational Expert did not include all of the claimant's functional limitations.  (Doc. 16 at 10).

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal.  The factual findings at the administrative level are conclusive "if supported by substantial evidence."  42 U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).  Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

### 1. The ALJ Did Not Err By Not Addressing Whether Mr. Garcia's Morbid Obesity Was A Severe Impairment (Step Two).

At step two, the ALJ determined that Mr. Garcia did have a severe impairment, which was a decision in claimant's favor, and advanced the claimant's case to step three. (AR 8). Even though the ALJ found that claimant satisfied step two due to a seizure disorder, Mr. Garcia complains that the ALJ did not also address his morbid obesity. The claimant asserts that the ALJ was required to consider whether the claimant's morbid obesity was also a severe impairment. According to Mr. Garcia, because the ALJ did not analyze the obesity issue, the ALJ's decision should be reversed. Neither the law nor facts weigh in claimant's favor.

In terms of the law, once the ALJ found in claimant's favor at step two, there is not any requirement that the ALJ continue to consider alternate grounds to support the ALJ's favorable decision. *See* 20 C.F.R. § 404.1520 and § 416.920. This Circuit has previously stated, "a claimant is required to establish, and an ALJ is required to find, only one severe impairment." Dray v. Astrue, 353 Fed. Appx. 147,149 (10th Cir. 2009) (citations omitted).

As for the factual allegations regarding morbid obesity, the claimant did not present obesity as an impairment for the Social Security Administration or ALJ to consider. In his initial application for benefits, the claimant did not allege an obesity-related disability. (AR 126). At the hearing with the ALJ, where the claimant was represented by counsel, the claimant did not speak of obesity-related disability, but instead referenced his seizures, high blood pressure and asthma. (AR 29-30). The ALJ inquired about the claimant's weight, but even then the claimant did not mention any aspect of his obesity that limited him from working. (AR 30). In Mr. Garcia's Motion, he has not alleged that his obesity affected his ability to work.

Therefore, the ALJ did not err by finding in Mr. Garcia's favor that he had a severe impairment, even though the ALJ did not address the claimant's morbid obesity as an additional severe impairment.

### 2. The ALJ Did Not Err By Not Addressing Whether Mr. Garcia's Morbid Obesity, Asthma and Hypertension Satisfied the Listings of Impairments (Step Three).

At step three, the ALJ determined that Mr. Garcia was not presumptively disabled because his condition did not satisfy the Listings of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.  Mr. Garcia argues that the ALJ should have considered his morbid obesity in combination with other physical and mental impairments, such as asthma and hypertension. (Doc. 16 at 8).

Mr. Garcia's argument at step three is not persuasive for the same reasons his argument at step two was not persuasive.  As noted above, the claimant did not allege that he was disabled by obesity.  The same is true for asthma.  When Mr. Garcia initially applied for disability benefits, he did not mention the loss of any functional capacity due to asthma. (AR 126). At the hearing with the ALJ, neither Mr. Garcia nor his counsel raised the issue that he was impaired by a combination of obesity, asthma and hypertension.  Thus, the claimant did not meet his burden to provide evidence of his functional limitations.  Howard v. Barnhart, 379 F. 3d. 945, 948 (10th Cir. 2004).  The claimant cites Social Security Ruling 02-1p for the proposition that the ALJ was required to consider obesity with other impairments (Doc. 16 at 8-9), but the Motion does not explain how Mr. Garcia's condition would have satisfied the Listing of Impairments even if favorable facts had been brought to the ALJ's attention.

In sum, the ALJ did not err by omitting a discussion of issues that were not fairly brought

to the ALJ's attention as potential disabilities.  After the ALJ determined that Mr. Garcia was not presumptively disabled at step three, the ALJ continued to review his case at the following steps.

### 3. The ALJ Erred By Not Considering Claimant's Bipolar Disorder (Residual Functional Capacity Assessment Step).

Mr. Garcia points out that the ALJ assessed the claimant's residual functional capacity without addressing a medical opinion concerning claimant's bipolar disorder.  (Doc. 16 at 3). The Court concludes that this is reversible error and will remand the cause on this issue.

Prior to Mr. Garcia's current application for benefits, the Social Security Administration received Disability Determination Examination report from Dr. Michael Gzaskow, M.D., a board-certified psychiatrist, who evaluated the claimant on September 7, 2006, approximately three years before the hearing with the ALJ.  (AR 215-219).  The physician conducted the evaluation for the Social Security Administration's own Disability Determination Service.  Dr. Gzaskow listed two Axis I issues: bipolar disorder and mood disorder.  (AR 218).  The psychiatrist noted numerous times that more medical records should be requested.  When the claimant filed for social security disability benefits on August 17, 2007, he also listed bipolar disorder as a condition that limited his ability to work, which should have alerted the ALJ to this ailment.  (AR 124 & 126).  The Social Security Administration's own regulations require that the ALJ consider the physician's evaluation:

> . . . the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians or psychologists.  At the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s). Again, they are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence.

Social Security Ruling 96-6p.  The ALJ's opinion did not mention Dr. Gzaskow's evaluation, let alone state the weight that the ALJ was giving to this expert opinion as is required by the regulations. The ALJ's decision also did not address the claimant's bipolar disorder in any section and therefore was not discussed in light of his residual functional capacity to work.  The ALJ failed to develop the record on an issue that was fairly before him, which the law requires him to do.  Henrie v. United States Department of HHS, 13 F.3d 359, 360-61 (10th Cir. 1993).

Due to these errors, the case is remanded to the Social Security Administration to address Mr. Garcia's bipolar disorder in light of the residual functional capacity assessment.

### 4. Hypothetical Questions to the Vocational Expert (Step Five)

Mr. Garcia argues that the ALJ erred because his hypothetical question to the Vocational Expert was based on a flawed residual functional capacity assessment, chiefly that the questions to the Vocational Expert also ignored Dr. Gzaskow's evaluation.  Upon remand, a decision regarding the claimant's residual functional capacity assessment will affect step five and this issue is also remanded to the Social Security Administration for further proceedings consistent with this opinion.

THEREFORE, the Motion to Reverse or Remand Administrative Agency Decision (Doc. 15) is GRANTED and this matter is REMANDED to the Social Security Administration for further proceedings consistent with the opinion expressed here.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE